ANDREW J. OGILVIE 057932
CAROL M. BREWER  214035
ANDERSON, OGILVIE & BREWER, LLP
235 Montgomery St., Ste. 914
San Francisco, California 94104
    Tel:   415/861-2265
    Fax:  415/861-3151
    andy@aoblawyers.com
    carol@aoblawyers.com

MICHAEL E. LINDSEY 99044
Attorney at Law
4455 Morena Blvd., Suite 207
San Diego, California 92117-4325
    Tel:   858/270-7000
    Fax:  858/270-7710
    mlindsey@lemonlawcenter.com

Attorneys for Plaintiff
Jose Aguayo, and for the class

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE AGUAYO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>US BANK, a business entity form unknown, and DOES 1-30, inclusive,<br><br>Defendants. | Case No. 08-CV-02139 W (BLM)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Honorable Thomas J. Whelan<br>January 24, 2017<br><br>NO ORAL ARGUMENT PER LOCAL RULE |

Plaintiff, Jose Luis Aguayo, through his counsel, individually and on behalf of the certified class, requests this Court to enter an order preliminarily approving the proposed class action settlement. This litigation has been lengthy, consuming more than eight years. It has also been extremely hard-fought. The case was dismissed

1

*Aguayo v. US Bank*, Case No. 08-cv-02139 W (BLM)
Memo of Pts & Authorities ISO Preliminary Approval of Class Action Settlement

early on and the Ninth Circuit reversed. The parties had completed discovery. The Court had certified the class and ruled on the merits. The parties were on the verge of trial to determine the only remaining issue—the appropriate measure of profits to be returned to the class as restitution—when they reached the proposed settlement. Plaintiff submits that the proposed settlement is an excellent result for the certified class, and should be preliminarily approved.

## Summary of the Proceedings

Plaintiff filed a class action complaint against U.S. Bank in the San Diego County Superior Court in July 2008. U.S. Bank removed the case to this Court pursuant to the Class Action Fairness Act. Plaintiff asserted claims for violation of California's Unfair Competition Law, Cal. Bus & Prof Code §§ 17200 *et seq.*, and asked for restitution and injunctive and declaratory relief, in connection with alleged violations of the Rees-Levering Automobile Sales Finance Act, Cal. Civ. Code §§ 2981 *et seq*.

This Court initially dismissed Plaintiff's claims, finding that the National Bank Act and regulations promulgated thereunder preempted the application of California law to Plaintiff's claims. Plaintiff appealed to the Ninth Circuit, which reversed, *Aguayo v. U.S. Bank,* 653 F.3d 912 (9th Cir. 2011). U.S. Bank petitioned for rehearing and rehearing *en banc*, which the Ninth Circuit denied. Then U.S. Bank petitioned the U.S. Supreme Court for certiorari, which was also denied.

In October 2012 the Ninth Circuit issued the Mandate returning the Action to this Court. U.S. Bank again moved for dismissal of Plaintiff's claims based on federal preemption in November 2012. The Court denied that motion in September 2013, and, after briefing, also denied U.S. Bank's motion to reconsider. The parties undertook substantial investigation and formal discovery, including reviewing thousands of pages of documents, depositions on both sides, and retaining experts on both sides. The parties attempted a full-day mediation with the Hon. Judge James

2

*Aguayo v. US Bank*, Case No. 08-cv-02139 W (BLM)
Memo of Pts & Authorities ISO Preliminary Approval of Class Action Settlement

Warren (Ret.) of JAMS in April 2014, which proved unsuccessful. The parties also attended a mandatory settlement conference with U.S. Magistrate Judge Barbara Major in November 2014, which was unsuccessful. U.S. Bank moved for summary judgment in June 2014, which the Court denied.

Plaintiff moved for class certification in May 2014. After extensive briefing and vigorous opposition by U.S. Bank, in January 2015 the Court certified a class defined as follows:

> All California consumer residents (who purchased a motor vehicle for use primarily for personal or household purposes and whose loan documentation does not include an arbitration clause) to whom U.S. Bank sent post-repossession notices of intent to dispose (NOIs) between August 1, 2004 and April 22, 2014, whose vehicles were sold or otherwise disposed of after repossession or voluntary surrender, who U.S. Bank asserts are liable to it for a deficiency balance, against whom U.S. Bank has not obtained a judgment, and who have not had U.S. Bank's deficiency claim discharged in bankruptcy.

After briefing, the Court denied U.S. Bank's motion for reconsideration. U.S. Bank petitioned the Ninth Circuit for permissive review of the class certification order pursuant to Fed.R.Civ.P. 23(f), which Plaintiff opposed. After the Ninth Circuit denied review, Plaintiff gave class members Class Notice by first-class mail and the opportunity to opt out. Notice was completed in December 2015. Three persons opted out.

To comply with deadlines in the pre-trial order, Plaintiff moved for partial summary judgment as to U.S. Bank's liability in December 2014. Due to the rule against one-way intervention, however, Plaintiff asked the Court to delay ruling until after the Class was certified and notified. In May 2016, after requesting additional briefing from both parties, the Court granted Plaintiff's summary judgment motion, ruling that U.S. Bank's notices of intent to dispose of repossessed vehicles (NOIs) did not comply with Civil Code § 2983.2(a)(2). Consequently, the Court determined that U.S. Bank's practices of collecting and attempting to collect Deficiency Balance

3

Payments from Class Members was unlawful. The Court entered declaratory judgment, stating that U.S. Bank's deficiency claims against Class Members were invalid, void and unenforceable and that Class Members are not liable to U.S. Bank for the Deficiency Balances. Additionally, the Court entered an injunction against U.S. Bank, prohibiting it from collecting any further Deficiency Balances from Class Members.

At the point of the proposed settlement, the only issue remaining to be determined at trial was the appropriate measure of restitution to be returned to the Class, including whether the Class was entitled to recover interest or profits on their Deficiency Balance Payments. The Court ordered briefing on that issue. In August 2016, the Court ruled that under California law, Plaintiff and Class Members were entitled to the profits that U.S. Bank earned from their Deficiency Balance Payments, to the extent that Plaintiff could produce, at trial, evidence permitting a reasonable approximation of the amount of the wrongful gain.

Following that ruling, in October 2016 the Parties participated in a second settlement conference with Judge Major. At the conclusion of the settlement conference the parties reached an agreement as to material terms of a settlement, subject to approval of the Court, among other things.

**The Proposed Settlement**

Rule 23(e) requires the Court to determine whether a proposed settlement is "fundamentally fair, adequate, and reasonable." *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir.2003) (quoting *Hanlon*, 150 F.3d at 1026). To make this determination, the Court must consider a number of factors, including: (1) the strength of Plaintiff's case; (2) "the risk, expense, complexity, and likely duration of further litigation;" (3) "the risk of maintaining class action status throughout the trial;" (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a

4

governmental participant; and (8) the reaction of the class members to the proposed settlement. See *id*. (citations omitted). In addition, the settlement may not be the product of collusion among the negotiating parties. *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir.2000) (citing *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1290 (9th Cir.1992)). Courts must give "proper deference to the private consensual decision of the parties," since "the court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Hanlon,* 150 F.3d at 1011.

The Court will not be able to fully assess some of these factors until the Final Approval Hearing, so "a full fairness analysis is unnecessary at [the preliminary approval] stage." See *Alberto v. GMRI, Inc.*, 252 F.R.D. 652, 665 (E.D.Cal.2008). Rather, at the preliminary approval stage, the Court need only review the parties' proposed settlement to determine whether it is within the permissible "range of possible judicial approval" and thus, whether the notice to the class and the scheduling of the formal fairness hearing is appropriate. See 4 William B. Rubenstein et al., *Newberg on Class Actions* § 11:25 (4th ed.2002) (citations omitted); see also *Wright v. Linkus Enterprises, Inc*, 259 F.R.D. 468, 472 (E.D.Cal. 2009) (citation omitted); *Alberto*, 252 F.R.D. at 666 (citation omitted). Preliminary approval of a settlement and notice to the proposed class is appropriate: "[i]f (1) the proposed settlement appears to be the product of serious, informed, noncollusive negotiations, (2) has no obvious deficiencies, (3) does not improperly grant preferential treatment to class representatives or segments of the class, and (4) falls with the range of possible approval." *Vasquez v. Coast Valley Roofing, Inc.*, 2009 WL 3857428, at *7 (E.D.Cal. 2009) (citing *In re Tableware Antitrust Litig.*, 484

5

*Aguayo v. US Bank*, Case No. 08-cv-02139 W (BLM)
Memo of Pts & Authorities ISO Preliminary Approval of Class Action Settlement

F.Supp.2d 1078, 1079 (N.D.Cal.2007)).

The proposed Settlement Agreement is attached hereto as **Exhibit 1**. The proposed settlement is clearly an excellent result for the certified class. The parties submit it is "within the range of possible approval." The parties had already litigated the merits and class certification. The Court certified the Class in January 2015, so settlement approval involves only a certified class, not a settlement class. The parties engaged in three separate arm's length settlement negotiations over a period of years, concluding with a successful half-day settlement conference with Magistrate Judge Barbara Major in October 2016. Then they negotiated the aspects of the proposed settlement over several more weeks before the preliminary settlement documents were agreed upon. Brewer Dec., ¶ 3. The proposed settlement is the product of serious, informed, noncollusive negotiations. It does not improperly grant preferential treatment to the Plaintiff or any segments of the class.

U.S. Banks says that Class Members paid a total of $2,334,139 in Deficiency Balance Payments to U.S. Bank. The proposed settlement provides that U.S. Bank will establish a $4,415,000 fund—nearly twice the total of Class Members' payments—to be administered by the Settlement Administrator. The Settlement Administrator will distribute that fund to Refund Eligible Class Members in accordance with the Plan of Distribution. Those Class Members will receive cash refunds of at least 100% of their Deficiency Balance Payments; those who made deficiency payments early in the class period will recover more than people who paid the same amount later in the class period. Class Members need not make a claim or fill out any claim forms to receive these cash payments.

The majority of Class Members did not make any Deficiency Balance Payments, so they will not receive any cash payments. However, *all* Class Members will receive important non-monetary relief. Although the Court had already ruled that U.S. Bank's deficiency claims against plaintiff and the class members were

6

invalid, void, and unenforceable, and therefore they were not liable for those deficiency balances [See ECF 187 at 15:3-5], the Court declined to order U.S. Bank to remove those alleged obligations from its records. The proposed settlement provides that U.S. Bank will reduce to $0 the Deficiency Balances on every Class Member's account, clearly a benefit to all Class Members. U.S. Bank will also submit requests electronically to the Consumer Reporting Agencies to which it reports, asking them to delete the entire U.S. Bank tradeline on Class Members' credit reports. And it will identify Class Members to whom it has previously issued an IRS Form 1099-C with regard to the reduction to $0 of a Deficiency Balance and issue corrective Form 1099s.

### Settlement Notice

Plaintiff has already notified members of the Certified Class by first-class mail and the opt-out period has expired. Three persons have excluded themselves from the Class. Brewer Dec., ¶ 2. Thus, the Settlement Notice gives Class Members the opportunity to object to the proposed Settlement, but not to exclude themselves. The settlement notice must be "reasonably calculated, under all the circumstances, to… afford [interested parties] an opportunity to present their objections." See *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950).

The proposed Settlement Notice, attached to the Settlement Agreement as **Exhibit B**, provides: (1) information on the nature of the case and the definition of the Certified Class; (2) the terms and provisions of the proposed settlement; (3) the relief Certified Class Members will be entitled to, including the statement that each Refund Eligible Class Member will be paid at least 100% of their Deficiency Balance Payments; (4) information regarding attorneys' fees and expenses, and Plaintiff's proposed service award; (5) the procedures and deadlines for submitting objections; and (6) the date, time, and place of the Final Approval Hearing.

7

*Aguayo v. US Bank*, Case No. 08-cv-02139 W (BLM)
Memo of Pts & Authorities ISO Preliminary Approval of Class Action Settlement

### Mailed Notice is the Best Notice Practicable

U.S. Bank will provide an updated electronic database, with Class Members' names, addresses and dates and amounts of their Deficiency Balance Payments, to a professional Settlement Administrator, Rust Consulting, Inc. (Rust). Rust has already given Class Notice in this action. Rust will update Class Members' addresses through a national change of address search and mail the Settlement Notice by first-class mail. That is the best notice practicable.

U.S. Bank shall bear the reasonable costs of providing Settlement Notice to the Certified Class and other class settlement costs, including reducing to $0 the Deficiency Balances on each Class Member's account, identifying any Class Members to whom it has previously issued an IRS Form 1099-C with regard to the elimination of a Deficiency Balance and issuing corrective Form 1099s, and making the distributions required under the Settlement Agreement.

### CONCLUSION

For the foregoing reasons, Plaintiff, Jose Luis Aguayo, individually and on behalf of the certified class, respectfully requests this Court to preliminarily approve the class action settlement, subject to a hearing on the final approval of this settlement.

Dated: December 16, 2015          Anderson, Ogilvie & Brewer LLP

                                  By: s/ *Carol McLean Brewer*
                                       Carol McLean Brewer
                                  Attorneys for Plaintiff Jose Aguayo
                                  and the Class

8

*Aguayo v. US Bank*, Case No. 08-cv-02139 W (BLM)
Memo of Pts & Authorities ISO Preliminary Approval of Class Action Settlement